# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-00181-GBC PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS<br><br>(ECF. No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.     Screening Requirment**

Plaintiff Marciano Plata ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending before the Court is the complaint, filed February 4, 2010.  (Compl., ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.     Complaint Allegations

Although Plaintiff is currently out of custody and residing in Eloy, Arizona, this action was filed while he was in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). On May 13, 2009, while housed at Pleasant Valley State Prison, Plaintiff was being transported to a medical appointment. Defendants Torres and Dhillon placed mechanical restraints, including "the black box" on his hands. (Compl. ¶ 14, ECF No. 1.) Plaintiff alleges that Defendants did this in a sadistic and malicious manner causing him pain and cuts on his wrists. Both Defendants made it plain that they were purposely inflicting pain due to Plaintiff's involvement in a previous lawsuit, Plata v. Schwarzennegar, which resulted in the CDCR medical system being placed in receivership. (Id.) When Plaintiff complained that they were hurting him, Defendants Torres and Dhillon laughed and tightened the restraints causing the circulation to be cut off to his hands resulting in numbness. The pain to Plaintiff's hands and wrists became unbearable and he requested that he be taken back to the prison. (Id., ¶ 15.) Plaintiff received scars to his wrists and permanent nerve damage due to Defendants use of the restraints. (Id., ¶ 16.)

Plaintiff claims that Defendants V. Carr, Nancy Bair and M. Medina "purposely and

intentionally engaged in a cover-up of the injuries and knowingly and intelligently falsified medical and other documents claiming there [was] no injury." (Id., ¶ 17.) On May 14, 2009, Plaintiff complained to the Prison Law Office regarding the manner in which the restraints were applied and Defendant Ronald Hanson ordered that Plaintiff be reexamined by medical personnel. (Id., ¶ 18.) Plaintiff was reexamined by an unknown nurse who documented his injuries on May 15, 2009. Plaintiff again contacted the Prison Law Office and complained he was not being treated for his injuries and filed an administrative appeal on May 24, 2009. (Id., ¶ 19.) On June 5, 2009, Defendant Hanson wrote a rule violation report in retaliation for the prior law suit filed by Plaintiff and his filing a grievance regarding his incident. (Id., ¶ 20.)

First Cause of Action

Plaintiff alleges that Defendants Yates and Hanson implemented a policy and failed to adequately train and supervise Defendants Torres and Dhillon in violation of the Eighth Amendment. (Id., ¶ 23.) Defendants Torres and Dhillon used excessive force in violation of the Eighth Amendment. (Id., ¶ 24.)

Second Cause of Action

Plaintiff alleges that Defendants Hanson, Carr, Torres, Dhillon, Bair, and Medina violated Plaintiff's rights under the First, Fifth, and Fourteenth Amendments by retaliating against him for his involvement in the prior law suit and filing a grievance regarding these incidents. (Id., ¶ 30.)

Plaintiff is seeking declaratory relief that the use of the black box is unconstitutional, injunctive relief for medical care to repair the damage to his wrists, hands, and fingers, punitive and compensatory damages and costs, (id., p. 12:20-28), and brings suit against the following Defendants:

Warden James Yates, in his official and individual capacities, as he is responsible for the health and safety of the inmates at the institution. Defendant Yates is also responsible for implementing the "black box" policy, is aware of injuries caused by the policy, and fails to correct it. (Id., ¶ 5.)

Associate Warden of Health Care Services Ronald Hanson, in his official and individual capacities, as he is responsible for health and safety of inmates at the institution. This includes

providing adequate medical care and the policies affecting medical care, including transportation of inmates. (Id., ¶ 6.)

Sergeant V. Carr, Correctional Officers P. Torres and H. Dhillon, Registered Nurse N. Bair, Licensed Vocational Nurse M. Medina, and Does one through five in their individual and official capacities. (Id., ¶¶ 7-13.)

### III. Discussion

#### A. First Amendment Retaliation[1]

A plaintiff may state a claim for a violation of his First Amendment rights due to retaliation under section 1983. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). A viable claim of retaliation in violation of the First Amendment consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonable advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). Plaintiff's complaint fails to allege that there was no legitimate penological goal for Defendants' actions and therefore fails to state a cognizable claim.

#### B. Eighth Amendment

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and

---

[1] Plaintiff alleges retaliation in violation of the Fifth and Fourteenth Amendments which do not apply to his claim. The Fifth Amendment only applies to the federal government and all defendants in this action are state employees. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). The Fourteenth Amendment guarantees of due process and equal protection of the law are inapplicable to the allegations in Plaintiff's complaint.

4

make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted). Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

### 1. Defendants Yates and Hanson

To state a cognizable claim the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 129 S.Ct. at 1948-49.

In this instance, Plaintiff has not linked Defendants Yates and Hanson to any acts or omissions that purportedly led to the violation of his Eighth Amendment rights. The general assertions that Defendants were responsible for implementing a policy and are aware that it has caused injuries will not suffice to show that Plaintiff's constitutional rights were violated by these Defendants. Iqbal, 129 S.Ct. at 1949-50; see Starr v. Baca, No. 09-55233, 2011 WL 477094 (9th Cir. Feb. 11, 2011). Plaintiff is attempting to impose liability not on Defendants' personal involvement but because they hold positions of authority which does not provide a basis for liability under section 1983. Iqbal at 1949 ("Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Jones, 297 F.3d at 934.

### 2. Defendants Torres and Dhillon

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Whitley v. Albers, 475 U.S. 312, 320 (312). Plaintiff's allegations that Defendants Torres and Dhillon tightened his restraints when he told them they were too tight and he was in pain are

sufficient to state a cognizable claim.

### C. Conspiracy

Plaintiff's allegations that Defendants Defendants V. Carr, Nancy Bair and M. Medina "purposely and intentionally engaged in a cover-up of the injuries" fails to state a cognizable claim. A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Although, for pleading purposes, the Court accepts as true the allegations in the complaint, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 127 S. Ct. at 1965 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Id. at 1964-65 (internal quotations and citations omitted).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants. Further, Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights. In order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that Defendants conspired to violate an underlying constitutional right.

### D. Official Capacity

Plaintiff may not bring suit against Defendants in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken

under color of state law." Id. at 25.

Plaintiff attempts to bring this suit for implementing a constitutionally deficient policy and failure to train employees. A prison official may be held liable if "'policy or custom' . . . played a part in the violation of federal law." (Id.) (quoting Kentucky v. Graham, 105 S. C. 3099, 3106 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 498 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). To prove liability for an action policy the plaintiff "must . . . demonstrate that his deprivation resulted from an official policy or custom established by a . . . policymaker possessed with final authority to establish that policy." Waggy, 594 F.3d at 713. Liability for failure to act requires that Plaintiff show that the "employee violated the plaintiff's constitutional rights;" the agency "has customs or policies that amount to deliberate indifference;" and "these customs or policies were the moving force behind the employee's violation of constitutional rights." Long, 442 F.3d at 1186.

### E. Injunctive and Declaratory Relief

Finally, Plaintiff seeks injunctive and declaratory relief. The Prison Litigation Reform Act places limitations on injunctive relief. Section 3626(a)(1)(A) provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Since Plaintiff is no longer incarcerated at Pleasant Valley State Prison the declaratory relief he is seeking is moot.

### IV. **Conclusion and Order**

Plaintiff's complaint states a cognizable claim against Defendants Torres and Dhillon for excessive force in violation of the Eighth Amendment, but does not state any other claims for relief under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendants Torres and Dhillon on the Eighth Amendment claim, Plaintiff may so notify the Court in writing. The other defendants and claims will then be dismissed for failure to state a claim. Plaintiff will then be provided with two summons and two USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process on Defendants Torres and Dhillon.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). The mere possibility of misconduct is insufficient to state a claim. Iqbal, 129 S. Ct. at 1950. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the Court in this order, or

    b. Notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only against Defendants Torres and Dhillon for excessive force in violation of the Eighth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   February 15, 2011

_____
UNITED STATES MAGISTRATE JUDGE