UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIANO PLATA, | CASE NO. 1:10-cv-00181-GBC (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY THE COURT'S FEBRUARY 15, 2011 SCREENING ORDER |
| v. | (ECF No. 1) |
| JAMES A. YATES, et al., | |
| Defendants. | PLAINTIFF MUST SHOW CAUSE OR FILE AN AMENDED COMPLAINT BY JUNE 27, 2011 |

**ORDER**

Plaintiff Marciano Plata ("Plaintiff") is a former state prisoner is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 4, 2010. (ECF No. 1.) No other parties have appeared.

In its Screening Order, the Court found that Plaintiff stated a cognizable claim against Defendants Torres and Dhillon for excessive force in violation of the Eighth Amendment. (ECF No. 12.) Plaintiff was ordered to either file an amended complaint or notify the Court of his willingness to proceed on the cognizable claims within thirty days.

1

(Id.) He was also warned that failure to comply with that Order could result in dismissal of his action for failure to obey a Court Order.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

To date, Plaintiff has not filed an amended complaint nor has he notified the Court of his willingness to proceed on the cognizable claims, and well in excess of thirty days has passed. Accordingly, not later than **June 27, 2011**, Plaintiff shall either file an amended complaint, notify the Court of his willingness to proceed on the claims found cognizable, or show cause as to why his case should not be dismissed.

Plaintiff is hereby on notice that failure to comply with this Order will result in

dismissal of this action for failure to prosecute and failure to obey a Court Order.

IT IS SO ORDERED.

Dated:   May 20, 2011

UNITED STATES MAGISTRATE JUDGE